Chris Martinez, #11152
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, Utah 84101
(801) 933-8940
martinez.chris@dorsey.com

Michael H. Bernstein, #17941
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| ANNE A. and KATHLEEN A., <br><br> Plaintiffs, <br><br> -against- <br><br> UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, and the APPLE INC. SMALL BUSINESS HEALTH OPTIONS PROGRAM, <br><br> Defendants. | Civil Action No.: <br> 2:20-cv-00814-JNP-DAO <br><br> **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY DESIGNATION** <br><br> The Honorable Jill N. Parrish <br> Magistrate Judge Daphne A. Oberg |

## I.     INTRODUCTION

Defendants UnitedHealthcare Insurance Company ("UHIC"), United Behavioral Health ("UBH") (UHIC and UBH together, "United"), and the Apple Inc. Health and Welfare Benefit Plan, sued herein as the Apple, Inc. Small Business Health Options Program (the "Plan") (United and the Plan together, "Defendants"), through their undersigned counsel of record, respectfully submit this motion for a protective order to maintain the confidentiality designation of certain documents produced by Defendants in response to Plaintiffs' discovery requests. The documents at issue consist of:

(i)     confidential and proprietary Milliman Care Guidelines for Inpatient Rehabilitation Facility care, Bates-stamped UNITED 7867-8230;

(ii)     confidential and proprietary Milliman Care Guidelines for Subacute/Skilled Nursing Facility care, Bates-stamped UNITED 8231-9816;

(iii)     confidential and proprietary UnitedHealthcare Hierarchy of Clinical Evidence Policy and Procedure, Bates-stamped UNITED 9817-9821;

(iv)     confidential and proprietary MCG Health Summary of Guideline Development Policies and Procedures, Bates-stamped UNITED 9822-9826;

(v)     confidential and proprietary UnitedHealthcare Medical Technology Assessment Committee – Function and Structure Policy and Procedure, Bates-stamped UNITED 9827-9830 and 9834-9837;

(vi)     confidential and proprietary UnitedHealthcare Medical Technology Assessment Committee (MTAC) Charter, Bates-stamped 9831-9833; and

      (vii)    confidential and proprietary United Behavioral Health Clinical Technology Assessments, Bates-stamped UNITED 9838-9845 (together, the "Disputed Documents").[1]

The Disputed Documents were designated by the Defendants as "Confidential Information" pursuant to the Standard Protective Order in effect in this case because they constitute "confidential or proprietary technical, scientific, financial, business, health, or medical information." *See* Standard Protective Order ¶2(a). Because Plaintiffs have baselessly challenged the confidentiality designation of the Disputed Documents and because public disclosure of those documents would cause significant economic injury to Defendant United and non-party MCG Health, LLC ("MCG"), Defendants respectfully request that Court enter an Order maintaining the designation of the Disputed Documents as "Confidential Information" to protect them from public disclosure.

## II. FACTUAL BACKGROUND

This action pertains to a health care coverage dispute under the Employee Retiree Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA") relating to mental health care Plaintiff Kathleen A. received at Innerchange Chrysalis, a residential treatment center, from April 18, 2016 to December 18, 2017. At all relevant times, Plaintiff Anne A. was a participant in the ERISA-governed Plan and Anne A.'s daughter, Kathleen A., was a beneficiary under the Plan as a dependent of Anne A. Benefits under the portion of the Plan covering Plaintiffs Anne A. and Kathleen A. are self-funded by Apple Inc. At all relevant times, Defendant UHIC was one of the claim administrators under the Plan, and a UHIC affiliate, Defendant UBH, was the

---

[1] Defendants will provide the Disputed Documents to the Court for *in camera* review upon request.

designated Mental Health and Chemical Dependency claim administrator under the Plan. Plaintiffs' Complaint (Doc. No. 2) alleges two Causes of Action against Defendants: (i) the First Cause of Action for recovery of Plan benefits pursuant to 29 U.S.C. §1132(a)(1)(B), ERISA §502(a)(1)(B), and (ii) the Second Cause of Action for violation of the Mental Health Parity and Addiction Equity Act ("Parity Act" or "MHPAEA") pursuant to 29 U.S.C. § 1132(a)(3), ERISA §502(a)(3).

On June 4, 2022, Plaintiffs served Defendants with Requests for Admission, Interrogatories and Requests for Production of Documents (together, "Discovery Requests") with respect to Plaintiffs' MHPAEA claim. In response to the Discovery Requests, Defendants served written objections and responses, together with certain publicly available documents, Bates-stamped UNITED 7737-7866, as well as the non-public confidential Disputed Documents, Bates-stamped UNITED 7867-9845, which Defendants designated as "Confidential Information" pursuant to the Standard Protective Order.

On October 7, 2022, Plaintiffs sent a letter to Defendants (the "October 7 letter," attached hereto as Exhibit A), challenging the confidentiality designation of the Disputed Documents. By letter dated October 28, 2022 (the "October 28 letter," attached hereto as Exhibit B), Defendants notified Plaintiffs that Defendants maintain their original position regarding the confidentiality designation of the Disputed Documents pursuant to the Standard Protective Order and intend to seek a final protective order from the Court to maintain the confidentiality designation for those documents in accordance with paragraph 9(c) of the Standard Protective Order.

### III.   ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that a court may make "any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense, including ... that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way."  When considering a challenge to a party's confidentiality designations, a court "should balance the discovering party's interest in full disclosure" against the "reasonable protection of the disclosing party from economic injury." *Bank of the W. v. Whitney*, 2018 WL 1568756, at *4 (D. Utah Mar. 29, 2018).  Here, as detailed below and in the attached Declarations of Conor Bagnell, Mishelle Appleby, and Jeffrey Meyerhoff, MD submitted herewith, Plaintiffs have no legitimate interest in the public disclosure of the Disputed Documents, whereas Defendant United and non-party MCG would suffer significant economic injury if the Disputed Documents were publicly disclosed.  Accordingly, Defendants' motion should be granted and the Court should enter an Order maintaining the designation of the Disputed Documents as "Confidential Information" to protect them from public disclosure.

   (i)   <u>Defendant United and Non-Party MCG Would Suffer Serious Economy Injury If the Disputed Documents Were Publicly Disclosed</u>

As detailed in the Declaration of Conor Bagnell submitted herewith, the Milliman Care Guidelines for Inpatient Rehabilitation Facility care and Subacute/Skilled Nursing Facility care, Bates-stamped UNITED 7867-9816, and the MCG Health Summary of Guideline Development Policies and Procedures, Bates-stamped UNITED 9822-9826, are not available to the public at large because they constitute commercially sensitive, proprietary, and confidential information that belongs to Defendant United and its licensor, MCG, under the terms of the licensing

agreement between UHIC and MCG, and the disclosure of those documents would likely subject MCG to a competitive disadvantage and commercial harm. Those documents are "confidential or proprietary technical, scientific, financial, business, health, or medical information," *see* Standard Protective Order ¶2(a), because they are the confidential and proprietary information of the third party that publishes the Milliman Care Guidelines, and, as care guidelines and guideline development policies and procedures, the documents fit into (by way of example) any of the categories of "technical," "scientific," and "business" documents. Accordingly, those documents were properly designated by the Defendants as "Confidential Information" under the Standard Protective Order.

In addition, as detailed in the Declarations of Mishelle Appleby and Jeffrey Meyerhoff, MD submitted herewith, Defendant United's internal policies and procedures (*i.e.*, UnitedHealthcare Hierarchy of Clinical Evidence Policy and Procedure, UnitedHealthcare Medical Technology Assessment Committee – Function and Structure Policy and Procedure, UnitedHealthcare Medical Technology Assessment Committee (MTAC) Charter, and United Behavioral Health Clinical Technology Assessments, Bates-stamped UNITED 9817-9821 and UNITED 9827-9845) contain commercially sensitive, proprietary, and confidential information concerning United's claim processing and handling, disclosure of which would likely subject United to a competitive disadvantage. Indeed, these internal policies and procedures are clearly marked to indicate their confidential nature and are branded as follows: "The information contained in this document is confidential and proprietary to UnitedHealthcare® [year]." (*See, e.g.,* UNITED 9817-9819). As stated in the Appleby Declaration and the Meyerhoff Declaration, United considers its internal policies and procedures to be confidential in that they contain

confidential business practices; United seeks to ensure the confidentiality of its internal policies and procedures by restricting their availability to claims and appeals personnel who might refer to them in the course of their duties; United never provides its internal policies and procedures, or portions thereof, to anyone outside of United during the course of handling a claim; the internal policies and procedures have been developed and maintained at a significant cost and they includes proprietary business practices which create a competitive advantage from which United benefits economically; and public disclosure of United's internal policies and procedures absent a protective order would negatively impact United's competitive advantage.  Accordingly, United's internal policies and procedures were properly designated by the Defendants as "Confidential Information" under the Standard Protective Order.  *See, e.g., Cohen v. Metro. Life Ins. Co.*, 2003 WL 1563349, at *1 (S.D.N.Y. Mar. 26, 2003) (granting MetLife's motion for a "permanent" protective order relating to the Best Practices Manual and MetLife's Claims Management Guidelines and noting that "MetLife's motion papers are accompanied by an affidavit attesting specifically to the business purposes and internal confidential treatment of both documents … and represent[ing] that MetLife would suffer injury if the documentation were disclosed publicly, because competitors could gain advantage from the business method efficiencies MetLife has achieved through the studies and work that are reflected in the two documents").

    (ii)    <u>Plaintiffs do not have any legitimate interest in the public disclosure of the Disputed Documents</u>

As detailed above and in the Declarations of Conor Bagnell, Mishelle Appleby, and Jeffrey Meyerhoff, MD submitted herewith, Defendant United and non-party MCG would suffer serious economic injury if the Disputed Documents were publicly disclosed.  On the other hand,

Plaintiffs do not have *any* legitimate interest in the public disclosure of the Disputed Documents. Accordingly, Defendants' motion for a protective order should be granted because the balance of interests weighs heavily in Defendants' favor. *Bank of the W.*, 2018 WL 1568756, at *4.

In their October 7 letter to Defendants, Plaintiffs erroneously state that the Disputed Documents do not meet the confidentiality "criteria" under the Standard Protective Order because "[t]his information is publicly available at the request of any plan participant as required by ERISA." (Ex. A, p. 2). Plaintiffs' position is incorrect because the Disputed Documents are not among the categories of documents that must be provided to plan participants upon written request under the applicable ERISA regulations. *See* 29 U.S.C. §1024(b)(4) ("The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated").

Even assuming, *arguendo*, that the Disputed Documents are within the scope of 29 U.S.C. § 1024(b)(4), there is no legal support for Plaintiffs' bald argument that the Disputed Documents constitute publicly available information – *i.e.*, information available *to the public at large*. Rather, even under Plaintiffs' broad interpretation of 29 U.S.C. §1024(b)(4), the Disputed Documents are available to *the participants in the Apple Inc. Health and Welfare Benefit Plan upon written request*, and <u>not</u> to the public at large. Indeed, as detailed above, the Disputed Documents are not available to the public at large because they constitute commercially sensitive, proprietary, and confidential information, the disclosure of which would subject Defendant United and non-party MCG to a competitive disadvantage and commercial harm.

In their October 7 letter, Plaintiffs also state that removal of the confidentiality designation of the Disputed Documents would "streamline the parties' need to spend [sic] redacting material that need not be redacted and preparing document[s] to file under seal." (Ex. A, p. 3). Plaintiffs' argument is disingenuous because their counsel has routinely consented to the filing of the Milliman Care Guidelines and similar documents under seal in numerous other matters, without ever raising any objection. For example, in *B.C. v. UnitedHealthcare Insurance Company, et al.,* Civil Case No. 2:21-cv-32-BSJ (D. Utah), Plaintiffs' counsel entered into a joint stipulation with United's counsel to file under seal the same confidential documents at issue in this case (*i.e.*, the Disputed Documents) on the ground that "[t]hese documents are proprietary to a non-party, and contain commercially sensitive and confidential information concerning the third-party's claim processing and handling, disclosure of which would likely subject that party to a competitive disadvantage. Accordingly, these internal policies and procedures, as well as any direct quotation from them, should be protected from disclosure to the general public." (*Id.*, Joint Motion to File Under Seal dated October 12, 2022, Doc. No. 58, p. 3, attached hereto as Exhibit C). Any burden on Plaintiffs' counsel with respect to the filing of these same confidential and proprietary documents in the *B.C.* matter was minimal and involved redaction of a single paragraph in plaintiffs' summary judgment brief that contained a citation to the Milliman Care Guidelines. (*Id.*, Doc. No. 62, ¶65). In light of the foregoing, it is evident that Plaintiffs' counsel does not have any legitimate basis for objecting to the confidentiality designation of the very same confidential and proprietary documents in the instant matter. *See, e.g., Calder v. Blitz U.S.A., Inc.*, 2010 WL 924261, at *1 (D. Utah Mar. 11, 2010) (holding that "the court is unpersuaded by Plaintiff's stated reasons for his need to alter the confidentiality designations

placed on the documents at issue" where "Plaintiff has not provided any compelling arguments to indicate that the designations on those documents prevent him from preparing or proving his case").

### IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and enter an Order maintaining the designation of the Disputed Documents as "Confidential Information" to protect them from public disclosure.

DATED:  December 2, 2022

/s/Michael H. Bernstein
Michael H. Bernstein, #17941
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com
*Attorneys for Defendants*